<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** formerly known as **SUPER 8 MOTELS, INC.,** a South Dakota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**HOSPITALITY SOLUTIONS OF KINSTON, INC.,** a North Carolina Corporation, and **AARON MAUNE,** an individual,<br><br>Defendants. | Civil Action No. 14-1025 (ES)<br><br>**OPINION & ORDER** |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiff Super 8 Worldwide, Inc.'s motion for default judgment as to Defendants Hospitality Solutions of Kinston, Inc. ("Hospitality Solutions") and Aaron Maune (collectively, Defendants)[1] pursuant to Federal Rule of Civil Procedure 55(b). The motion is unopposed. Having considered Plaintiff's submissions, (D.E. No. 14), the Court hereby GRANTS Plaintiff's motion for default judgment.

**I.     FACTS**

On August 15, 2007, Plaintiff entered into a franchise agreement with Hospitality Solutions for the operation of a 48-room Super 8® guest lodging facility located in Kinston, North Carolina (the "Agreement").  (D.E. No. 1, Complaint ("Compl.") ¶ 9).

---

[1] Plaintiff voluntarily dismissed Defendant Mark Enyedi on November 18, 2014.  (*See* D.E. Nos. 15, 16). Defendants Hospitality Solutions and Maune remain in the case.

1

Pursuant to section 5 of the Agreement, Hospitality Solutions was obligated to operate a Super 8® guest lodging facility for a twenty-year term. (Compl. ¶ 10; Agreement ("Agmt.") § 5).

Under section 7 and Schedule C of the Agreement, Hospitality Solutions was required to make certain periodic payments to Plaintiff for royalties, system assessments, taxes, interest, reservation system user fees, annual website fees, and other fees (collectively, "Recurring Fees"). (Compl. ¶ 11; Agmt. § 7, Schedule C). Pursuant to section 7.3 of the Agreement, interest on any past due amount is payable to Plaintiff at a rate of 1.5% per month or the maximum rate permitted by law. (Compl. ¶ 12; Agmt. § 7.3).

In addition, section 3.8 of the Agreement requires Hospitality Solutions to make timely and accurate recordings of its transactions, including gross room sales, which Plaintiff asserts is "for purposes of establishing the amount of royalties and other Recurring Fees" owed to Plaintiff. (Compl. ¶ 13; Agmt. § 3.8). Also pursuant to section 3.8 of the Agreement, Hospitality Solutions was required to allow Plaintiff to examine, audit, and make copies of its records. (Compl. ¶ 14; Agmt. § 3.8).

Pursuant to section 11.2 of the Agreement, Plaintiff could terminate the Agreement, with notice to Hospitality Solutions, for various reasons, including for failure to cure a default as provided in section 11.1. (Compl. ¶ 15; Agmt. § 11.2). Section 12.1 of the Agreement provides that in the event of a termination pursuant to section 11.2, Hospitality Solutions owes liquidated damages to Plaintiff in accordance with a specified formula. (Compl. ¶ 16; Agmt. § 12.1).

Pursuant to section 17.4 of the Agreement, the "non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." (Agmt. § 17.4; Compl. ¶ 17).

In addition, Maune and Enyedi signed a Guaranty of Hospitality Solutions' obligations under the Agreement. (D.E. No. 1, Ex. C ("Guaranty"); Compl. ¶ 18). Under the Guaranty, Defendant Maune and Enyedi agreed that "[u]pon default by [Hospitality Solutions] and notice from [Plaintiff] we will immediately make each payment and perform or cause [Hospitality Solutions] to perform, each unpaid or unperformed obligation of [Hospitality Solutions] under the Agreement." (Guaranty; Compl. ¶ 19). Defendant Maune and Enyedi also acknowledged that section 17 of the Agreement, which contains the terms regarding attorneys' fees, applies to the Guaranty. (Compl. ¶ 20; Guaranty).

By letters dated September 27, 2010, January 23, 2012, February 3, 2012, and April 11, 2012, Plaintiff asserts that it advised Hospitality Solutions that (a) it was in breach of the Agreement because it owed Plaintiff outstanding fees, (b) it had a designated number of days within which to cure its monetary default in accordance with the Agreement, and (c) the Agreement might be subject to termination if default was not cured. (Compl. ¶ 22).

By letter dated June 26, 2012, Plaintiff again advised Hospitality Solutions of its breach due to its owing $92,709.19 in outstanding Recurring Fees. (Compl. ¶ 23; D.E. No. 14-3, Ex. D June 26, 2012 Letter at 2). Plaintiff further advised Hospitality Solutions that it had 10 days to cure the default, otherwise the Agreement might be subject to termination. (*Id.*). Plaintiff sent similar letters advising Hospitality Solutions of its continued breach on August 9, 2012 ($101,672.03 in outstanding Recurring Fees), (Compl. ¶ 24; D.E. No. 14-3, Ex. E Aug. 9, 2012 Letter at 1), and November 20, 2012 ($114,373.53 in outstanding Recurring Fees), (Compl. ¶ 25; D.E. No. 14-3, Ex. F Nov. 20, 2012 Letter at 1).

By letter dated January 7, 2013, Plaintiff terminated the Agreement and advised Hospitality Solutions that it was required to pay Plaintiff $104,833.57 in liquidated damages for premature

termination as well as all outstanding Recurring Fees through the date of termination.  (Compl. ¶ 26; D.E. No. 14-3, Ex. G Jan. 7, 2013 Letter at 1).

On February 19, 2014, Plaintiff filed the instant Complaint.  (Compl.).  The Complaint asserts six counts arising out of Hospitality Solutions' alleged breach of the Agreement.  (*Id.* ¶¶ 27-52).  The counts include: (1) an accounting claim, (*id.* ¶¶ 27-30); (2) a breach of contract claim for liquidated damages of $104,833.57, (*id.* ¶¶ 31-36); (3) if liquidated damages are not available, an alternative claim for actual damages, (*id.* ¶¶ 37-40); (4) a breach of contract claim for outstanding Recurring Fees under the Agreement of $141,702.08, (*id.* ¶¶ 41-44); (5) an unjust enrichment claim for outstanding Recurring Fees under the Agreement of $141,702.08, (*id.* ¶¶ 45-48); and (6) pursuant to the terms of the Guaranty, a claim for judgment against Maune and Enyedi, (*id.* ¶¶ 49-52).

The time for filing an answer has passed.  On April 2, 2014, Plaintiff requested an entry of default against Hospitality Solutions and Maune.  (D.E. No. 5).  The Clerk of the Court entered default against those Defendants the next day.  (D.E. dated 4/03/14).  Plaintiff requested an entry of default against Enyedi on October 22, 2014.  (D.E. No. 12).  The Clerk of the Court entered default against Enyedi the same day.  (D.E. dated 10/22/2014).  Plaintiff filed a motion for default judgment on October 27, 2014.  (D.E. No. 14).  On November 18, 2014, Plaintiff filled a notice dismissing Eneydi from the case.  (D.E. No. 15).  The Court ordered the dismissal against Enyedi on November 25, 2014.  (D.E. No. 16).  The motion for default is unopposed as to the remaining Defendants, Hospitality Solutions and Maune.

**II.   LEGAL STANDARD**

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether

4

default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A party seeking default judgment is not entitled to relief as a matter of right; "the Court may enter default judgment 'only if the plaintiff's factual allegations establish the right to the requested relief.'" *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.*, No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011) (internal quotation marks omitted)). In reviewing a motion for default judgment, the Court may accept the facts alleged in the complaint as true. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" (internal citation omitted)).

To determine whether granting default judgment is proper, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "A meritorious defense is one which, 'if established at trial, would completely bar plaintiff's recovery.'" *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (quoting *Foy v. Dicks,* 146 F.R.D. 113, 116 (E.D. Pa. 1993)). Furthermore, a defendant's culpable conduct in allowing default is a relevant consideration for a district court. *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

### III. DISCUSSION

First, the Court concludes that there was sufficient proof of service of the Summons and Complaint upon Defendant. Plaintiff, by way of certification, represents that copies of the Summons and Complaint were served upon Hospitality Solutions and Maune. (D.E. No. 5,

Request for Entry of Default, ¶¶ 3-5).  Following service, Plaintiff filed an executed Summons along with a declaration of the process server for each defendant.  (D.E. No. 4, Summons Returned Executed).  Thus, Plaintiff has provided sufficient proof of service of the Summons and Complaint upon Defendant.

Second, the Court concludes that Plaintiff sufficiently stated a cause of action.  The Court begins this analysis with a review of jurisdiction and venue.  The Court has proper subject matter jurisdiction over the instant case pursuant to diversity of citizenship under 28 U.S.C. § 1332.  (Compl. ¶ 5).  Furthermore, the Court has proper personal jurisdiction and venue over this case pursuant to the parties' choice of law and venue provisions contained in the Agreement.  (Agmt. § 17.6.3).  The provision states that Hospitality Solutions "waive[s its] objection to the non-exclusive and personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement."  (*Id.*).  Therefore, the Court has proper jurisdiction and venue.

Next, the Court concludes that Plaintiff has sufficiently stated causes of action for breach of contract against Hospitality Solutions.  In New Jersey, a plaintiff must allege three elements to state a breach of contract claim: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach."  *Ramada*, 2012 WL 924385, at *3.  Upon reading the Complaint as a whole, and accepting the facts as true, it appears that Hospitality Solutions entered into a valid agreement with Plaintiff on August 15, 2007.  (Compl. ¶ 6; Agmt. at 1).  It further appears that Hospitality Solutions breached its obligations under the Agreement by failing to timely pay Recurring Fees to Plaintiff, (Compl. ¶¶ 21-26), and Plaintiff was damaged by the breach in the

amount of $114,373.53 in Recurring Fees and $104,833.57 in liquidated damages, (*id.* ¶¶ 25, 34, 36).

In addition, Plaintiff has stated breach of contract claim against Maune under the Guaranty. (Compl. ¶ 52). "An action seeking recovery under a guaranty is essentially a breach of contract action." *U.S. Bank v. Gorman*, No. 11-612, 2012 WL 2919295, at *4 (W.D. Pa. June 7, 2012). In this case, the Guaranty provided that Maune would "immediately make each payment and perform or cause [Hospitality Solutions] to perform, each unpaid or unperformed obligation of [Hospitality Solutions] under the Agreement." (Guaranty; Compl. ¶ 19). Plaintiff has alleged that: (1) there was a contractual relationship based on the Guaranty that set forth certain obligations and consequences for failing to meet those obligations; (2) Maune breached the Guaranty by failing to make any payments or perform or cause Hospitality Solutions to perform the obligations required under the Agreement; and (3) Plaintiff suffered damages as a result of this breach. (Compl. ¶¶ 19-20, 50-52). Accordingly, Plaintiff has stated a cause of action under the Guaranty.[2]

Finally, the Court must determine whether default judgment is proper. In order to do so, the Court must address "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. Plaintiff will be prejudiced if the default judgment is not granted because Defendants failed to comply with their financial obligations pursuant to the Agreement. Furthermore, Defendants do not appear to have a litigable defense because they entered into a valid agreement with Plaintiff and have subsequently failed to meet their obligations under the Agreement. Lastly, Defendants' delay is due to culpable conduct because a copy of the Summons

---

[2] The proposed order submitted by Plaintiff as an exhibit to the instant motion, (D.E. No. 14-1), seeks judgment only for liquidated damages, Recurring Fees, and attorneys' fees and costs. None of Plaintiff's submissions addresses Plaintiff's claims for accounting or unjust enrichment, and therefore the Court considers them waived and does not need to address these claims.

and Complaint were served upon Defendants and they have failed to respond to or defend against Plaintiff's claims.  Thus, the Court concludes that default judgment is proper.

The Court hereby enters default against Defendants for liquidated damages in the amount of $139,110.67 and Recurring Fees in the amount of $154,788.70 (inclusive of interest).  (D.E. No. 14-3, Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default ("Fenimore Aff."), ¶ 29; Agmt. ¶ 7.3).  Thus, the total amount of damages entered against Defendants shall be $293,899.37, which includes interest calculated pursuant to the Agreement.

In addition, Plaintiff seeks attorneys' fees and costs of suit pursuant to the terms of the Agreement.  (Compl. ¶¶ 17, 20).  In particular, Plaintiff asserts that it has incurred $7,800.00 in attorneys' fees and $1,202.72 in costs.  (Fenimore Aff. ¶ 30).  In support of these assertions, Plaintiff submitted billing records and invoices.  (D.E. No. 14-2, Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default, Ex. C).  Based on the submitted documents, the Court finds these amounts to be reasonable.

**IV.    CONCLUSION**

Accordingly, IT IS on this 19th day of June, 2015,

**ORDERED** that Plaintiff Super 8 Worldwide, Inc.'s motion for default judgment, (D.E. No. 14), against Defendants Hospitality Solutions and Aaron Maune is hereby GRANTED as to Counts Two, Four, and Six of the Complaint; and it is further

**ORDERED** that judgment is entered against Defendants in the amount of $139,110.67 for liquidated damages (principal plus prejudgment interest) and $154,788.70 for Recurring Fees (principal plus prejudgment interest); and it is further

**ORDERED** that Plaintiff is entitled to attorneys' fees in the amount $7,800.00 and costs in the amount of $1,202.72; and it is further

```
```
...

**ORDERED** that the Clerk of the Court may close this case.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**